IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| GVM, INC., | : |
| | : |
| Debtor. | : BANKRUPTCY NO. 19-03013(HWV) |
| | : |

**EMERGENCY MOTION OF GVM, INC. AND INDEPENDENT AG EQUIPMENT INC. FOR ORDER PURSUANT TO 11 U.S.C. §363 TO: (I) PERMIT USE OF CASH COLLATERAL AND PROVIDE ADEQUATE PROTECTION TO PARTIES WITH INTEREST IN CASH COLLATERAL, (II) REQUEST FOR EXPEDITED HEARING, REDUCED NOTICE PERIOD AND LIMITED NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(C)(1) AND M.D. PA. L.B.R. 9075-1(A) AND (III) FOR RELATED RELIEF**

GVM, Inc. ("the " GVM Debtor") and Independent AG Equipment, Inc. (the "IAE Debtor") (collectively the "Debtors") by and through their proposed counsel, Ciardi Ciardi & Astin, hereby requests an order granting it the authority to (I) use Cash Collateral and Provide Adequate Protection to Parties with Interest in Cash Collateral, (II) request an Expedited Hearing, Reduced Notice Period and Limited Notice Pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1) And M.D. Pa. L.B.R. 9075-1(a), and (III) for related Relief (the "Motion") and in support thereof, respectfully represents:

JURISDICTION

1.  This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

BACKGROUND

2.  On July 13, 2019, each of the Debtors filed a voluntary petition for reorganization pursuant to title 11 of chapter 11 of the United States Code, as Amended (the

"Bankruptcy Code"). A third entity, GVM West, Ltd, also filed a voluntary petition under Chapter 11 but does not seek use of cash collateral.

3. No trustee or examiner has been appointed in either Chapter 11 case. As of today's date, no creditors' committee has been appointed in this Chapter 11 case by the United States Trustee. The GVM Debtor is the parent of the IAE Debtor.

4. The GVM Debtor manufactures machinery and equipment used in agricultural markets and related parts. The IAE Debtor is a distributor of the products manufactured by the GVM Debtor.

5. The Debtors' day-to-day operations are managed by Mark Anderson, President. GVM is a family owned business founded in 1977 operating as a leading manufacturer and distributor of agricultural equipment and supplies throughout the Eastern United States. GVM, Inc. primarily manufacturers heavy agricultural equipment used for spreading and spraying liquid or dry fertilizers and pesticides. GVM also manufactures equipment used for applying anti-icing treatment to roads, which makes use of similar technology to the Company's agricultural spreaders and sprayers. The IAE Debtor is also a distributor and servicer of new and used agricultural equipment and accessories. GVM sells its products through IAE and also through third party distributors. IAE sells products manufactured by both GVM and third party OEMs. The Debtors' headquarters, along with its manufacturing operation and a distributor location is in Biglerville, PA. Additional distributor locations in Peru, IN, Sikeston, MO, and Bellevue, OH.

6. After a strong performance through the 2008/2009 recession, GVM's sales slumped beginning in 2014 due to multiple macro and company specific challenges which have recently begun to be reversed. Reduced sales volume made it difficult for GVM and IAE to cover overhead during this span resulting in reduced profitability. GVM has taken several steps

over the past one to two years which, in combination with an improving outlook for the agricultural machinery industry in general, has created a substantial growth opportunity heading into 2019. Management believes its current backlog has the Debtors on a clear path to improved profitability moving forward.

7. The Debtors have prepared cash flow budgets attached as Exhibits A and B detailing 13 weeks of cash flow based upon existing and know cash inflows and no new borrowings.

8. The Debtors, as of the Petition Date, had approximately ninety-three (93) employees and pays payroll on a gross basis weekly through a payroll company for the week's wages in the week paid.

9. Attached as Exhibit C is a balance sheet for the GVM debtor prepared internally and the most recent borrowing base provided to the PeoplesBank, the Debtors' Senior Lender.

10. Peoples Bank, (the "Bank") asserts a first lien position on the Debtors' assets for a series of loans and advances made to the Debtors which have approximately 12.3 million dollars outstanding. In addition to being secured on the all of the Debtors' cash, accounts, equipment and inventory, the Bank, along with the parent of Mark Anderson, holds a lien on 10,000,000 shares of stock in AgJunction, Inc. which has a value of approximately $4,000,000.

RELIEF REQUESTED

11. The Debtors require use of their cash and accounts to continue operations of its business. THE PROPOSED ORDER DOES NOT CONTAIN ANY PROVISIONS REQUIRING DISCLOSURE UNDER L.B.R. 4001-2 or 4001-3 (c), (d) or (e).

12. Section 363(c) of the Bankruptcy Code allows a debtor to use, sell or lease cash collateral if each entity that has an interest in cash collateral consents or the Court authorizes the use. See 11 U.S.C. §363(c)(2).

13. The Debtors prepared a budget (the "Budget") detailing its proposed use of cash collateral on a weekly basis. These Budgets are attached hereto as Exhibits "A" and "B". The Debtors initially seeks use of cash collateral through July 31, 2019 or such shorter time period as the Court deems just and appropriate.

14. The continued use of cash collateral will allow the Debtors to continue operating, so that Debtors can continue with this reorganization by proposing a plan to satisfy the claims of creditors.

15. Moreover, the Debtors propose to provide to the Bank adequate protection in the form of a replacement lien of the same extent, priority and validity as existed pre-petition and an adequate protection payment.

16. The Debtors believe that the request to use cash collateral is proper, reasonable and necessary to continue the Debtors' operations.

17. Approval of the Debtors' request to use cash collateral is in the best interest of the Debtors and creditors of the estate.

18. In order to maintain the Debtors' operations, the Debtors require the use of cash collateral for the payment of expenses as more specifically set forth in Budgets. Through the payment of the above referenced expenses the Debtors will be able, not only to maintain the status quo, but also to facilitate its reorganization and enhance the collateral.

REQUEST FOR EXPEDITED CONSIDERATION

19. The Debtors request expedited treatment in connection with the Motion because it requires the immediate use of cash collateral to fund the ongoing operations mentioned in the Motion. Accordingly, the Debtors request that a hearing on use of cash collateral through July 31, 2019 be held at the convenience of the Court but no later than Thursday, July 18, 2019. The Debtors fund payroll normally on Wednesday (July 17, 2019) which, if the hearing were held on

Wednesday would allow the Debtors to make payroll without delay but also understands the need for parties to have notice.

20. As of the filing of this Motion, no trustee, examiner or creditor's committee has been appointed in this Chapter 11 case. Notice of this Motion has been given via facsimile or electronic mail to the Office of the United States Trustee and counsel for the Bank. The Debtors submit that no other notice need be given in light of the exigencies of the circumstances and the irreparable harm to the Debtors, its estate and all parties in interest that would ensue if the relief requested herein is not granted. The Debtors will serve each of the Top 20 unsecured creditors and any other secured creditor by electronic mail or facsimile as well.

21. No previous request for the relief sought herein has been made to this or any other Court.

22. Counsel for the Debtor contacted the Counsel for the Office of the United States Trustee and Counsel for the Bank electronically with a copy of the Motion in the evening of July 15 to advise them of the request for an expedited hearing and the relief requested therein.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order in the form attached hereto and for such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    CIARDI CIARDI & ASTIN

    ***/s/ Albert A. Ciardi, III***
    Albert A. Ciardi, III, Esquire
    Jennifer C. McEntee, Esquire
    One Commerce Square
    2005 Market Street, Suite 3500
    Philadelphia, PA 19103
    Telephone: (215) 557-3550
    Facsimile: (215) 557-3551

Date: July 16, 2019      *Proposed Counsel for the Debtor*